IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY MEUER<br>108 Greeley Street<br>West Salem, Ohio 44287 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES<br>AND REINSTATEMENT** |
| MEDINA COUNTY<br>c/o Board of Commissioners<br>144 N. Broadway Street<br>Medina, Ohio 44256 | )<br>)<br>)<br>)<br>) | **Jury Demand Endorsed Herein** |
| Serve also: | )<br>) | |
| MEDINA COUNTY<br>c/o Department of Sanitary Engineers<br>791 W. Smith Road<br>Medina, Ohio 44256 | )<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Tracy Meuer, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1. Meuer is a resident of the city of West Salem, county of Wayne, state of Ohio.

2. Medina County ("Medina") is a political subdivision and Ohio municipality that operates a Sanitary Engineers department.

3. Medina County is governed by and operates through its Board of Commissioners.

4. Medina was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. 126 § 12101 *et seq.* and R.C. § 4112.01 *et seq.*

5. All material events alleged in this Complaint occurred in county of Medina.

1

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 in that Meuer is alleging a federal law claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq.*

7. This Court has supplemental jurisdiction over Meuer's state law claims pursuant to 28 U.S.C. § 1367 as Meuer's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Meuer filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-02115 against Medina County Sanitary Engineers Office operating at 89 Columbia Road, Valley City, Ohio, 44250.

10. On or about February 23, 2023, the EEOC through the U.S. Department of Justice Civil Rights Division issued and mailed a Notice of Right to Sue letter to Meuer regarding the Charges of Discrimination brought by Meuer against Medina in EEOC Agency Charge No. 532-2020-02115.

11. Meuer received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) – which has been attached hereto as Plaintiff's Exhibit A.

12. Meuer has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Meuer has properly exhausted her administrative remedies pursuant to 29 C.F.R. 1614.407(b).

## **FACTS**

14. Meuer is a former employee of Medina.

15. Meuer began her employment with Medina on or about January 9, 2017.

16. Medina employed Meuer as a Wastewater Operator.

17. Almost immediately after Meuer began working for Medina, Meuer experienced discrimination based on her gender.

18. One of Meuer's male coworkers made offensive comments to her about her appearance stating, "We were lied to. Admin told us we were getting a girl back here. Thought we'd have some eye candy."

19. This discriminatory comment was reported to Meuer's male supervisor who took no action to correct or prevent the discrimination against Meuer.

20. Instead of addressing the discrimination against Meuer, the supervisor asked Meuer if she was going to sue the County.

21. Meuer was lured into an office with about 10 other people whereby she was interrogated about her sexual harassment report and asked whether she "was going to sue them for sexual harassment."

22. Meuer was intimidated by Medina's conduct in the meeting.

23. Meuer then started noticing pornographic magazines on the breakroom table.

24. Meuer was offended by the pornographic magazines and complained to Dawn Taylor and Trent (Last Name Unknown) multiple times. ("Discrimination Complaint")

25. Taylor and Trent promised Meuer that they would address Meuer's Discrimination Complaint.

26. Another supervisor, Frank, told Meuer, in response to her complaint about the

pornographic magazines that, "it would be best if you just dropped it because if you keep pushing it, the old guys on first shift would not be able to read their magazines and will take it out on you."

27. Craig, another supervisor, confirmed Frank's comment.

28. Subsequent to Meuer's Discrimination Complaint Medina took no action to correct or prevent the continued presence of pornographic magazines in the breakroom.

29. Subsequent to Meuer's Discrimination Complaint, Meuer noticed that the number of pornographic magazines in the breakroom actually increased.

30. On or about May 29, 2017, Meuer severely injured her wrist while working for Medina.

31. Meuer injured her wrist so severely that she needed surgery to repair the torn tendons and cartilage in Meuer's wrist. ("Wrist Disability")

32. Meuer's Wrist Disability substantially limited one or more of her major life activities.

33. Meuer's Wrist Disability is a physical impairment.

34. Meuer's Wrist Disability lasted longer than six months.

35. Meuer's Wrist Disability is a disability.

36. Medina perceived Meuer as being disabled.

37. Medina perceived that Meuer's Wrist Disability constituted a physical impairment.

38. Medina perceived Meuer's Wrist Disability to substantially limit one or more of her major life activities, including working.

39. As a result of suffering from a Wrist Disability, Meuer is and was considered disabled within the meaning of the ADA 42 U.S.C. 126 § 12101 *et seq.*

40. As a result of suffering from a Wrist Disability, Meuer is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

41. Despite this actual or perceived Wrist Disability, Meuer was still able to perform the essential functions of her job.

42. After Meuer's May 29, 2017 injury, Meuer's doctor gave her work restrictions based on her Wrist Disability.

43. Meuer's work restrictions prohibited Meuer from climbing, using ladders, using her right hand, and being able to rest and ice her wrist every few hours.

44. As a result of Meuer's Wrist Disability, Meuer asked for light duty assignments to avoid using her injured wrist. ("First Accommodation Request")

45. Taylor assigned Meuer to do data entry as a light duty assignment.

46. When Meuer arrived on shift to start her light duty assignment, the acting supervisor, Wendy refused to allow Meuer to stick to her light duty work and instead, told Meuer, "about that, I spoke with Dawn, Trent and Phil and we feel that you can do more than what your doctor is saying."

47. Wendy then assigned Meuer to cleaning duty that included using a cleaning solution with rags and a handheld duster.

48. After Wendy assigned Meuer to cleaning duty, she told Meuer to be careful not to fall on the stairs.

49. Wendy assigned Meuer cleaning tasks that Wendy knew or should have known required Meuer to use both hands.

50. Meuer had difficulty with the cleaning duty based on her Wrist Disability and her work restrictions that relegated Meuer to using one hand.

51. Medina failed to engage Meuer in an interactive discussion to determine a reasonable accommodation.

5

52. Medina denied Meuer's First Accommodation Request by failing to provide any reasonable accommodation to Meuer.

53. Medina denied Meuer's First Accommodation Request.

54. Medina did not determine if Meuer's First Accommodation Request would cause an undue hardship for Medina.

55. Medina did not determine if Meuer's First Accommodation Request would cause an undue hardship for Medina.

56. Medina has no contemporaneously created documents reflecting any effort to determine whether Meuer's First Accommodation Request would cause an undue hardship.

57. Meuer's First Accommodation Request was reasonable.

58. There was an accommodation available that would have been effective and would not have posed an undue hardship to Medina.

59. As a result of Medina's denial of Meuer's First Accommodation Request, Median forced Meuer to continue working without a suitable and reasonable accommodation.

60. Subsequent to Meuer's assignment to cleaning duty, Meuer visited her doctor on or about July 17, 2017.

61. Meuer's doctor told Meuer's that she would need surgery on her wrist.

62. Meuer's doctor told Meuer that she should not be using her injured right wrist and hand for any reason and reiterated Meuer's work restrictions.

63. Meuer contacted Taylor to relay her doctor's instructions about the need for surgery and Meuer's work restrictions.

64. Meuer asked Taylor for an accommodation based on her doctor's work restrictions. ("Second Accommodation Request")

65. Taylor told Meuer that Meuer was a liability for Medina.

66. Taylor told Meuer, "You are a liability not an asset, so just stay home until you can return at 100 percent."

67. Taylor told Meuer not to come to work.

68. Taylor told Meuer not to contact anyone else at Medina and to communicate with Medina through Sedgwick, Medina's third-party benefits administrator.

69. Medina failed to engage Meuer in an interactive discussion regarding accommodations after Meuer's Second Accommodation Request.

70. Medina denied Meuer's Second Accommodation Request.

71. Medina did not determine if Meuer's Second Accommodation Request would cause an undue hardship for Medina.

72. Medina did not determine if Meuer's Second Accommodation Request would cause an undue hardship for Medina.

73. Medina has no contemporaneously created documents reflecting any effort to determine whether Meuer's Second Accommodation Request would cause an undue hardship.

74. Meuer's Second Accommodation Request was reasonable.

75. There was an accommodation available that would have been effective and would not have posed an undue hardship to Medina.

76. As a result of Medina's denial of Meuer's Second Accommodation Request, Medina forced Meuer to return to her Administrator job without any accommodation.

77. After Meuer's Second Accommodation Request, Meuer received a letter from Medina Human Resources that Meuer was not permitted to return to work until she was able to work 100% without any restrictions.

78. Medina prohibited Meuer from returning to work based on Meuer's Wrist Disability.

79. Medina's failure to grant Meuer a reasonable accommodation exacerbated Meuer's Wrist Disabilities and hindered Meuer's recovery.

80. Upon information and belief, Medina has granted accommodations to male employees with similar physical conditions or disabilities that include special assignments and lifting restrictions.

81. Meuer applied and was approved for Workers' Compensation in or about August 2017.

82. Meuer underwent five separate surgeries to repair the damage to wrist.

83. In or about September 2018, Meuer was cleared to return to work on light duty.

84. Medina refused to allow Meuer to return to work.

85. Medina refused to allow Meuer to work a light duty assignment.

86. Meuer continued to contact Sedgwick with updates about her ability to work.

87. Meuer continued to request a return to work on light duty.

88. Medina did not respond to Meuer until June 2020.

89. In or about June 2020, Medina scheduled a disciplinary hearing to terminate Meuer's employment for failing to return to work without work restrictions.

90. During the disciplinary hearing, Meuer's union representative noted that it was strange that Medina wanted to terminate Meuer's employment for not returning to work while at the same time refusing to allow Meuer to return to work.

91. After two additional disciplinary hearings against Meuer, Medina told Meuer that she must return to work full duty without any restrictions by November 21, 2020.

92. Upon information and belief, Medina chose the November 21, 2020 return to work date based on a surgery Meuer had scheduled for July 2020.

93. Medina continued to contest Meuer's Workers' Compensation provided medical care resulting in Meuer's July 2020 surgery getting rescheduled to September 10, 2020.

94. Meuer asked Medina to move the return to work date back to reflect the original recovery time agreed upon for the July 2020 surgery and November 2020 return to work.

95. Medina refused to move Meuer's November 21, 2020 return to work date.

96. On or about November 19, 2020, Meuer complained in writing that Medina had treated her unfavorably based on her gender and disabilities.

97. Meuer request a return to work date in January 2021 to accommodate her delayed surgery.

98. In response to Meuer's November 19, 2020 complaint of discrimination and request for accommodation, Medina terminated Meuer's employment for "not being able to return to work full duty."

99. Medina's discrimination against Meuer based on her disabilities created a hostile work environment for Meuer.

100. Medina's discrimination against Meuer based on her gender created a hostile work environment for Meuer.

101. Medina's refusal to accommodate Meuer created a hostile work environment for Meuer.

102. Medina terminated Meuer's employment as retaliation against Meuer after Meuer complained about disparate treatment based on her gender and disability.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

103. Meuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

104. Meuer suffers from a Wrist Disability.

105. Meuer is disabled pursuant to 42 U.S.C. §12102.

106. Medina perceived Meuer as being disabled.

107. Meuer's conditions constitute a physical impairment.

108. Meuer's conditions substantially impaired one or more of her major life activities including working.

109. Medina perceived Meuer's conditions to substantially limit one or more of her major life activities including working.

110. Medina treated Meuer differently than other similarly situated employees based on her disabling conditions.

111. Medina treated Meuer differently than other similarly situated employees based on her perceived disabling conditions.

112. Despite Meuer's actual or perceived disabilities, Meuer was still able to perform all the essential functions of her job.

113. On or about November 20, 2020, Medina terminated Meuer's employment without just cause.

114. Medina terminated Meuer's employment based her disability.

115. Medina terminated Meuer's employment based her perceived disability.

116. Medina violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* when they discharged Meuer based on her disability.

117. Medina violated 42 U.S.C. § 12112 *et seq.* when they discharged Meuer based on her perceived disability.

118. Medina violated 42 U.S.C. § 12112(a) by discriminating against Meuer based on her disabling condition.

119. Medina violated 42 U.S.C. § 12112(a) by discriminating against Meuer based on her perceived disabling condition.

120. Meuer suffered emotional distress as a result of Medina's conduct and is entitled emotional distress damages pursuant to 42 U.S.C. § 12112(a).

121. As a direct and proximate result of Medina's conduct, Meuer suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.02**

122. Meuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

123. Meuer suffers from a Wrist Disability.

124. Meuer is disabled.

125. Medina perceived Meuer as being disabled.

126. Meuer's conditions constitute a physical impairment.

127. Meuer's conditions substantially limited one or more of her major life activities including working.

128. Medina perceived Meuer's conditions to substantially limit one or more of her major life activities including working.

129. Medina treated Meuer differently than other similarly situated employees based on her disabling conditions.

130. Medina treated Meuer differently than other similarly situated employees based on her perceived disabling conditions.

131. Despite Meuer's actual or perceived disabilities, Meuer was still able to perform all the essential functions of her job.

132. On or about November 20, 2020, Medina terminated Meuer's employment without just cause.

133. Medina terminated Meuer's employment based her disability.

134. Medina terminated Meuer's employment based her perceived disability.

135. Medina violated R.C. § 4112.02 when they discharged Meuer based on her disability.

136. Medina violated R.C. § 4112.02 when they discharged Meuer based on her perceived disability.

137. Medina violated R.C. § 4112.02 by discriminating against Meuer based on her disabling condition.

138. Medina violated R.C. § 4112.02 by discriminating against Meuer based on her perceived disabling condition.

139. Meuer suffered emotional distress as a result of Medina's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

140. As a direct and proximate result of Medina's conduct, Meuer suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: FAILURE TO ACCOMMODATE UNDER THE ADA

141. Meuer informed Medina of her disabling condition.

142. Meuer requested accommodations from Medina to assist with her disabilities including requesting climbing and lifting restrictions and a light duty assignment.

143. Meuer's requested accommodations were reasonable.

144. There were accommodations available that would have been effective and would have not posed an undue hardship to Medina.

145. Medina failed to engage in the interactive process of determining whether Meuer needed an accommodation.

146. Medina failed to provide an accommodation.

147. Medina violated the ADA 42 U.S.C. § 12101 *et seq.*

148. As a direct and proximate result of Medina conduct, Meuer suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. § 4112.02

149. Meuer informed Medina of her disabling condition.

150. Meuer requested accommodations from Medina to assist with her disabilities including requesting climbing and lifting restrictions and a light duty assignment.

151. Meuer's requested accommodations were reasonable.

152. There were reasonable accommodations available that would have been effective and would have not posed an undue hardship to Medina.

153. Medina failed to engage in the interactive process of determining whether Meuer needed an accommodation.

154. Medina failed to provide an accommodation to Meuer.

155. Medina violated R.C. § 4112.02 by failing to provide Meuer a reasonable accommodation.

156. Meuer suffered emotional distress as a result of Medina's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

157. As a direct and proximate result of Medina's conduct, Meuer suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2

158. Meuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

159. Meuer is a member of a statutorily protected class based on her gender under Title VII.

160. Medina treated Meuer differently than other similarly situated employees based on her gender.

161. Medina harassed Meuer based on her gender.

162. Medina discriminated against Meuer on the basis of her gender throughout her employment with the company.

163. Medina terminated Meuer's employment based on her gender.

164. Medina discrimination against Meuer based on her gender violates Title VII.

165. Meuer suffered emotional distress as a result of Medina conduct and is entitled emotional distress damages pursuant to Title VII.

166. As a direct and proximate result of Medina conduct, Meuer suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

167. Meuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

168. Meuer is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

169. Defendants treated Meuer differently than other similarly situated employees based on her gender.

170. Medina harassed Meuer based on her gender.

171. Medina discriminated against Meuer on the basis of her gender throughout her employment with the company.

172. Medina forced Meuer to resign her employment without just cause.

173. Medina terminated Meuer's employment based on her gender.

174. Medina discrimination against Meuer based on her gender violates R.C. § 4112.01 *et seq.*

175. Meuer suffered emotional distress as a result of Medina's conduct and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

176. As a direct and proximate result of Medina's conduct, Meuer suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VII: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e-3

177. Meuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

178. As a result of Medina's discriminatory conduct described above, Meuer complained about the gender discrimination she was experiencing.

179. Meuer made complaints of disparate treatment between herself and similarly situated male employees.

180. As a result of Medina's discriminatory conduct described above, Meuer complained about the discrimination she was experiencing.

181. Subsequent to Meuer's reporting of gender discrimination to Medina, Medina terminated Meuer's employment.

182. Subsequent to Meuer reporting of sexual harassment and gender discrimination to Medina, Medina unreasonably denied Meuer's requests for accommodation.

183. Medina actions were retaliatory in nature based on Meuer's opposition to the unlawful discriminatory conduct.

184. Meuer suffered emotional distress as a result of Medina's conduct and is entitled emotional distress damages pursuant to Title VII.

185. As a direct and proximate result of Medina's retaliatory discrimination against and termination of Meuer, she suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VIII: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

186. Meuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

187. As a result of Medina's discriminatory conduct described above, Meuer complained about the discrimination she was experiencing.

188. Subsequent to Meuer's reporting of discrimination to Medina, Medina terminated Meuer's employment.

189. Subsequent to Meuer reporting of discrimination to Medina, Medina unreasonably denied Meuer's request for accommodation.

190. Medina" actions were retaliatory in nature based on Meuer 's opposition to the unlawful discriminatory conduct.

191. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

192. Meuer suffered emotional distress as a result of Medina" conduct and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

193. As a direct and proximate result of Medina" retaliatory discrimination against and termination of Meuer, she suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IX: RETALIATION IN VIOLATION OF 42 U.S.C. § 12203

194. Meuer restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

195. Meuer restates each and every prior paragraph of this Complaint as if it were fully restated herein.

196. As a result of Medina's discriminatory conduct described above, Meuer complained about the disability discrimination she was experiencing.

197. Subsequent to Meuer's reporting of disability discrimination to Medina, Medina terminated Meuer's employment.

198. Subsequent to Meuer reporting of disability discrimination to Medina, Medina unreasonably denied Meuer's requests for accommodation.

199. Medina actions were retaliatory in nature based on Meuer's opposition to the unlawful discriminatory conduct.

200. Meuer suffered emotional distress as a result of Medina's conduct and is entitled emotional distress damages pursuant to the ADA.

201. As a direct and proximate result of Medina's retaliatory discrimination against and termination of Meuer, she suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Meuer respectfully requests this Court grant:

(a) An order requiring Medina to restore Meuer to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Medina of compensatory and monetary damages to compensate Meuer for lost wages, compensatory damages, liquidated damages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of reasonable attorneys' fees and non-taxable costs for Meuer's claims as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/Fred M. Bean*
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Fred. Bean@spitzlawfirm.com

*Attorney For Plaintiff Tracy Meuer*

# JURY DEMAND

Plaintiff Tracy Meuer demands a trial by jury by the maximum number of jurors permitted.

*/s/Fred M. Bean*
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**